IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 26 2012

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>　　　　Plaintiff §<br>§<br>v. §<br>§<br>$229,590.00 in United States Currency §<br>Seized from a Safe in the Home of §<br>Dallas County Commissioner §<br>John Wiley Price, §<br>§<br>　　　　Defendant *In Rem*. § | Civil No. 3:12-cv-893-D |

## COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff United States of America ("the Government") files this complaint *in rem* against the Defendant property, to wit: $229,590.00 in United States currency seized from a safe in the home of Dallas County Commissioner John Wiley Price ("the Defendant property") and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## STATUTORY BASIS FOR THE ACTION

1. This is an action to forfeit property to the United States based upon 18 U.S.C. § 981(a)(1)(A) for violations of 18 U.S.C. § 1956(h) [Conspiracy to Commit Money Laundering under 18 U.S.C. § 1956 and Conspiracy to Engage in Monetary Transactions in Property Derived from Specified Unlawful Activity under 18 U.S.C. § 1957] and 18 U.S.C. § 981(a)(1)(C) for conspiracies to violate 18 U.S.C.

§ 152 [Bankruptcy Fraud] and 18 U.S.C. § 666 [Theft or Bribery Concerning Programs Receiving Federal Funds]. Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions is also applicable.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over a civil forfeiture action commenced by the United States by virtue of 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3. The Court has *in rem* jurisdiction over the defendant property based on 28 U.S.C. §§ 1355(b)(1)(A) and 1355(b)(1)(B).

4. Venue is proper under 28 U.S.C. §1355(b)(1)(A) and 28 U.S.C. § 1395.

## THE DEFENDANT IN REM

5. The defendant property consists of $229,590.00[1] in United States currency seized from a safe in the home of Dallas County Commissioner John Wiley Price at 510 East 5th Street in Dallas County, Dallas, Texas that was seized on June 27, 2011 pursuant to a search warrant.

6. The defendant property is more particularly described as follows:

    a. $32,700.00 with a bank bag marked Dallas International Bank, Commerce and Field Street. There is one bank strap marked Lakeside National Bank, $2,000, dated April 12, 2011. Another bank strap is marked $2,000, with no other markings. All cash appears to be in $100 dollar bills.

---

[1] This cash is also being held as evidence in a parallel criminal investigation.

b. $38,000.00 with a manila envelope with "40" written and crossed out and "38" written beside it. All the cash appears to be 100 dollar bills and there are four bank straps:

   i. City Bank Forney, $2,000, dated November 23, 2001,

   ii. City Bank Forney, $2,000, dated November 23, 2001,

   iii. $2,000, otherwise unmarked, and

   iv. $2,000, otherwise unmarked.

c. $5,040.00 with one mailing envelope, postmarked September 7, 2004, Denver, CO. The return address is BJ Johnson, 6401 S. Boston Street, Greenwood Village, CO 80111. There is one BankOne bank strap dated February 16, 2004, for $2,000. It is marked with a route number ending in 0614, and a BC number ending in 4200. There is also a Dallas Telco receipt dated October 1, 2004, showing checks received for $2,500 and $300 with cash back of $2,800.

d. $44,000.00 with one manila envelope and there are 22 bank straps. Twenty of the straps are marked City Bank Forney, and dated as follows: December 30, 2002 (5), January 2, 2003 (5), and January 6, 2003 (10). Two of the straps are unmarked. All of the cash appears to be 100 dollar bills.

e. $26,000.00 which appears to be all 100 dollar bills and is with a bank bag marked City Bank, Lubbock, Texas. In addition, the following items are noted:

      i. One U.S. Department of Treasury mailing envelope.

      ii. One unmarked envelope.

      iii. One City Bank cash envelope marked: "4281.86".

      iv. One cash envelope, unmarked as to bank, with "9k" written on it.

      v. Six City Bank of Forney bank straps dated as follows: April 7, 2005 (2) and June 9, 2005 (4).

f. $2,500.00 which was with one City Bank Forney mailing envelope. The cash appears to be in denominations of 10, 20, and 50 dollar bills.

g. $4,000.00 with a Dallas County mailing envelope with the return address for Price, District 3 Commissioner. In addition, there are two Dallas Telco receipts from a Price account ending in 1862 which are dated October 8, 2004. One receipt shows a deposit of $4,000 and the second shows a withdrawal of $4,000. The signature appears to be that of Dapheny Fain. The second receipt is marked "39 x 100   5 x 20" with initials.

h. $31,600.00 with a bank bag marked Lakeside National Bank. There are three cash back envelopes: Wells Fargo, Bank of America, and Dallas Telco. There are two bank straps from Wells Fargo, Bedford North Office, dated June 3, 2008, Vault #00. One is marked $1,000 and the other is marked $2,000. There is also one $10,000 bank strap from an unknown bank. It is dated February 21, 2006. The cash appears to be in 100 bills with approximately $1,000 in 50 dollar bills.

    i. $9,000.00 with four bank straps marked as follows:

        i. one Lakeside National Bank, dated November 4, 2005, for $2,000,

        ii. one BankOne, dated February 18, 2004, for $2,000,

        iii. two for $2,000, unmarked as to bank,

        iv. one for $1,000, unmarked as to bank.

    j. $36,750.00 with a bank bag marked American National Bank. The inside of the bank bag is marked "CheerLeaders (Sylvia)". There are also four Dallas Telco cash back envelopes, one marked "VII K" and one Bank of America cash back envelope.

7. The defendant property is currently stored at the Dallas Headquarters of the Federal Bureau of Investigation (FBI) at One Justice Way, Dallas, Texas 75220.

## ADMINISTRATIVE FORFEITURE

8. In accordance with 18 U.S.C. § 983(a) and 19 U.S.C. §1607, the FBI published notice of the proposed non-judicial administrative forfeiture in the *Wall Street Journal*, a newspaper of general circulation in this district, on September 9, 2011; September 16, 2011; and September 23, 2011.

9. Direct notices of the administrative forfeiture were also sent on August 25, 2011 to John Wiley Price at 510 East 5th Street, Dallas, Texas 75203 and Price's attorney William M. Ravkind at One Meadows Building, 5005 Greenville Avenue, Suite 200, Dallas Texas as well as Dapheny Fain at 625 Missionary Ridge, Desoto,

Texas 75115 and Fain's attorney Thomas W. Mills Jr. at 5910 North Central Expressway, Suite 980, Dallas, Texas 75206.

10. On September 27, John Wiley Price filed a verified claim of ownership to $115,000 of the Defendant property.

11. On September 28, 2011, Dapheny Fain filed a verified claim of ownership to $114,590 of the property.

12. Pursuant to 18 U.S.C. § 983(a)(3)(A), the FBI ceased all administrative forfeiture proceedings after the claims were filed and forwarded them to the United States Attorney's Office for judicial forfeiture proceedings.

## EXTENSION OF FILING DATE

13. After the administrative claims were filed, the Government had 90 days to file a complaint for forfeiture unless a District Court extended the time for filing. *Id.*

14. Pursuant to 18 U.S.C. § 983(a)(3)(A) and based upon the consent of all parties, the Hon. David C. Godbey extended the filing deadline 90 days from December 26, 2011 to March 26, 2011.[2] In an effort to be fair to Price and Fain, the granting of the extension and all related materials was sealed until the filing of this complaint.

15. The purpose of that extension was to give the Government time to scan documents seized from Price and Fain so that digital copies could be provided to their attorneys for use in responding to an asset forfeiture complaint within statutory timeframes.

---

[2]Docket number 3:11-MC-137. There is a typographical error in the caption of that filing which lists the amount of money as $90 less than it is.

16. At the beginning of March, it became clear that a second extension would be necessary and the Government informed Price and Fain's attorneys that it would agree to a second sealed extension. Originally, both attorneys refused to consent to a second extension. Price's attorney has since reconsidered. However, 18 U.S.C. § 983(a)(3)(A) does not permit a court to extend the time for filing on consent all potential parties consent to the extension.[3]

17. This action is now required to be brought in the United States District Court because John Wiley Price and Dapheny Fain filed verified claims of ownership to the Defendant property and have declined any further extensions for its filing.

## BASIS FOR FORFEITURE

18. The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it constitutes property involved in a transaction or an attempted transaction in violation of sections 1956 and 1957 of title 18, United States Code, or is property traceable to such property. 18 U.S.C. § 1956 includes subsection (h) permits the Government to forfeit the defendant property as part of a conspiracy to commit money laundering and/or a conspiracy to engage in monetary transactions in property derived from specified unlawful activity.

---

[3] Both Price and Fain's attorneys have told this prosecutor that they do not believe that the United States Attorney's Office is trying to improperly influence the election process by filing the present civil action at this time. As the Government has consented to a second extension, Mr. Ravkind and Mr. Mills have conceded that the decision to proceed now lies with them. Such matters are more fully discussed in the Motion to Seal which accompanies this complaint.

19. The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes property derived from proceeds traceable to a violation of or a conspiracy to violate 18 U.S.C. § 152 [Bankruptcy Fraud].

20. The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes property derived from proceeds traceable to a violation of or a conspiracy to violate 18 U.S.C. § 666 [Theft or Bribery Concerning Programs Receiving Federal Funds].

## FACTS SUPPORTING A REASONABLE BELIEF FOR FORFEITURE

21. The facts supporting a reasonable belief that the Government will be able to prove at trial that the defendant property is subject to forfeiture are detailed in the verification affidavit of FBI Special Agent Donald B. Sherman that accompanies this complaint as an exhibit. Pursuant to Federal Rule of Civil Procedure 10(c), Agent Sherman's verification affidavit is herby expressly made a part of this complaint for all purposes. As a part of this complaint, Agent Sherman's affidavit has been properly formatted to comply with Federal Rule of Civil Procedure 10(b).

## **CLAIM FOR RELIEF**

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

THEREFORE, the Government requests the following:

(a)   the District Clerk issue a warrant for the arrest of the Defendant property pursuant to Rule G(3)(b)(i) of the Supplemental Rules Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

(b)   the Defendant property be arrested by the United States Marshals Service (USMS), its agents, and/or their designee, as provided by Rule G(3)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

(c)   publication of notice of the complaint for forfeiture and the warrant for arrest of property be made by posting notice on the official internet government site www.forfeiture.gov for at least 30 consecutive days in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Certain Admiralty or Maritime and Asset Forfeiture Claims;

(d)   notice pursuant to Rule G(4)(b) of the Supplemental Rules for Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions be sent to any person reasonable appearing to be a known potential claimant, advising the person of the date of notice; the deadline for filing a claim (35 days after notice is sent); that an answer or motion under Rule 12(b) must be filed no later than 20 days after the filing of the claim; and the name of the Government's attorney to be served with the claim and answer;

(e)   after all proceedings are had on this complaint for forfeiture, that the Defendant property be condemned by judgment and order of this Court and declared and decreed to be forfeited to the Government according to law;

(f)   all costs and expenses incurred by the Government in obtaining the condemnation and forfeiture of the Defendant property be appropriately taxed against any person or entity who may file a verified claim and answer herein, and/or if more than one person or entity files a verified claim and answer herein be jointly taxed and prorated among them, as the Court deems just and equitable; and

(g)     the Government have such other and further relief, at law or in equity, to which it may show itself justly entitled.

                                             Respectfully submitted,

                                             SARAH R. SALDAÑA
                                             UNITED STATES ATTORNEY

                                             /s/ Walt M. Junker
                                             Walt M. Junker
                                             Assistant United States Attorney
                                             Texas State Bar Number 24038115
                                             1100 Commerce Street, Suite 300
                                             Dallas, Texas 75242
                                             Telephone:   (214) 659-8600
                                             Facsimile:   (214) 659-8805
                                             walt.junker@usdoj.gov

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM).

## I. (a) PLAINTIFF
UNITED STATES OF AMERICA

## DEFENDANT(S)
$229,590.00 in United States Currency Seized from a Safe in the Home of Dallas County Commissioner John Wiley Price

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Walt M. Junker
United States Attorney's Office
1100 Commerce, Third Floor
Dallas, Texas 75252
214.659.8600; fax 214.659.8805

**ATTORNEYS (IF KNOWN)**

3:12cv893-D

## II. BASIS OF JURISDICTION (PLACE "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)
(PLACE "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | []1 | []1 | Incorporated or Principal Place | []4 | []4 |
| Citizen of Another State | []2 | []2 | Incorporated and Principal Place of Business in Another State | []5 | []5 |
| Citizen or Subject of a Foreign Cntry | []3 | []3 | Foreign Nation | []6 | []6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[] 2 Removed from State Court
[] 3 Remanded from Appellate Court
[] 4 Reinstated or Reopened
[] 5 Transferred from another district (specify)
[] 6 Multidistrict Litigation
[] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [] 110 Insurance<br>[] 120 Marine<br>[] 130 Miller Act<br>[] 140 Negotiable Instrument<br>[] 150 Recovery of Overpayment & Enforcement of Judgment<br>[] 151 Medicare Act<br>[] 152 Recovery of Defaulted Student Loan (Excl. Veterans)<br>[] 153 Recovery of Overpayment at Veteran's Benefits<br>[] 160 Stockholders' Suits<br>[] 190 Other Contract<br>[] 195 Contract Product Liability<br><br>**REAL PROPERTY**<br>[] 210 Land Condemnation<br>[] 220 Foreclosure<br>[] 230 Rent Lease & Ejectment<br>[] 240 Torts to Land<br>[] 290 All other Real Property | **PERSONAL INJURY**<br>[] 310 Airplane<br>[] 315 Airplane Product Liability<br>[] 320 Assault, Libel & Slander<br>[] 330 Federal Employers Liability<br>[] 340 Marine<br>[] 345 Marine Product Liability<br>[] 350 Motor Vehicle<br>[] 355 Motor Vehicle Product Liability<br><br>**CIVIL RIGHTS**<br>[] 441 Voting<br>[] 442 Employment<br>[] 443 Housing/ Accommodations<br>[] 444 Welfare | **PERSONAL INJURY**<br>[] 362 Personal Injury Med Malpractice<br>[] 365 Personal Injury Product Liability<br>[] 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>[] 370 Other Fraud<br>[] 371 Truth in Lending<br>[] 380 Other Personal Property Damage<br>[] 385 Property Damage Product Liability<br><br>**PRISONER PETITIONS**<br>[] 510 Motions to Vacate Sentence<br>**Habeas Corpus**<br>[] 530 General<br>[] 535 Death Penalty<br>[] 540 Mandamus & Other<br>[] 550 Other (including 1983 Actions) | [] 610 Agriculture<br>[] 620 Other Food & Drug.<br>[] 625 Drug Related Seizure of Property 21 U.S.C. 881<br>[] 630 Liquor Laws<br>[] 640 R.R. & Truck<br>[] 650 Airline Regs.<br>[] 660 Occupational Safety/Health<br>[X] 690 Other<br><br>**LABOR**<br>[] 710 Fair Labor Standards Act<br>[] 720 Labor/Mgmt. Relations<br>[] 730 Labor/Mgmt. Reporting & Disclosure Act<br>[] 740 Railway Labor Act<br>[] 790 Other Labor Litigation<br>[] 791 Empl. Ret. Inc. Security Act. | [] 422 Appeal 28 U.S.C. 158<br>[] 423 Withdrawal 28 U.S.C. 157<br><br>**PROPERTY RIGHTS**<br>[] 820 Copyrights<br>[] 830 Patent<br>[] 840 Trademark<br><br>**SOCIAL SECURITY**<br>[] 861 HIA (1395f)<br>[] 862 Black Lung (923)<br>[] 863 DIWC/DIWW (405(g))<br>[] 864 SID Title XVI<br>[] 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>[] 870 Taxes (U.S. Plaintiff or Defendant)<br>[] 871 IRS - Third Party 26 U.S.C. 7609 | [] 400 State Reapportionment<br>[] 410 Antitrust<br>[] 430 Banks and Banking<br>[] 450 Commerce/ICC Rates, etc<br>[] 460 Deportation<br>[] 470 Racketeer Influenced Corrupt Organizations<br>[] 810 Selective Service<br>[] 850 Securities/ Commodities/Exchange<br>[] 875 Customer Challenge 12 U.S.C. 3410<br>[] 891 Agricultural Acts<br>[] 892 Economic Stabilization Act<br>[] 893 Environmental Matters<br>[] 894 Energy Allocation Act<br>[] 895 Freedom of Information Act<br>[] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[] 950 Constitutionality of State Statutes<br>[] 890 Other Statutory Actions |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTE UNLESS DIVERSITY)

**CIVIL FORFEITURE -- 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C)**

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION [ ] UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE: David C. Godbey    Docket Number: 3:11-MC-137

DATE: **March 26, 2012**

SIGNATURE OF ATTORNEY OF RECORD
Walt M. Junker, Assistant United States Attorney

UNITED STATES DISTRICT COURT