ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SEALED

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 2 5 2012

CLERK, U.S. DISTRICT COURT
By_____
     Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | § | |
| v. | § | |
| $229,590.00 in United States Currency<br>Seized from a Safe in the Home of<br>Dallas County Commissioner<br>John Wiley Price | §<br>§<br>§<br>§ | 3:12-CV-893-D |
| $230,763.47 from Dallas County<br>Commissioner John Wiley Price's Sale<br>of 7001 Grady Niblo Road, Dallas,<br>Texas | §<br>§<br>§<br>§ | |
| Defendants *In Rem.* | § | |

## MOTION TO AMEND ACTION AND PLEADINGS

Pursuant to Federal Rule of Civil Procedure 15(a), the United States of America (United States) respectfully requests that this Court issue an order amending the title of this action and authorizing the United States to amend its pleadings. Since the United States first filed this action on March 26, 2012, additional property has been contested and is expected to be contested in the administrative forfeiture proceedings. Forfeiture of this property will be based upon many of the facts that have already been submitted to support the present civil forfeiture pleadings. If the United States is permitted to amend its pleadings to include this property, it will negate the necessity of having to file a second and separate civil forfeiture action and thereby save judicial time and resources.

Motion to Amend Action and Pleadings                                              Page 1

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
Walt M. Junker
Assistant United States Attorney
Texas State Bar Number 24038115
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Telephone:	(214) 659-8600
Facsimile:	(214) 659-8805
walt.junker@usdoj.gov

## CERTIFICATE OF CONFERENCE AND SERVICE

Due to the sealing order that is in place, this motion was neither conferenced nor served upon counsel for the potential claimants.

_____
Walt M. Junker
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA <br> Plaintiff, <br><br> v. <br><br> $229,590.00 in United States Currency Seized from a Safe in the Home of Dallas County Commissioner John Wiley Price <br><br> $230,763.47 from Dallas County Commissioner John Wiley Price's Sale of 7001 Grady Niblo Road, Dallas, Texas <br><br> Defendants *In Rem*. | § § § § § § § § § § § § § § § § § |

3:12-CV-893-D

## *FIRST AMENDED* COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff United States of America ("the Government") files this first amended complaint *in rem* against the Defendant property, to wit: $229,590.00 in United States currency seized from a safe in the home of Dallas County Commissioner John Wiley Price and $230,763.47 from Dallas County Commissioner John Wiley Price's Sale of 7001 Grady Niblo Road, Dallas, Texas ("Defendant property") and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

### STATUTORY BASIS FOR THE ACTION

1. This is an action to forfeit property to the United States based upon 18 U.S.C. § 981(a)(1)(A) for violations of 18 U.S.C. § 1956(h) [Conspiracy to Commit Money

Laundering under 18 U.S.C. § 1956 and Conspiracy to Engage in Monetary Transactions in Property Derived from Specified Unlawful Activity under 18 U.S.C. § 1957] and 18 U.S.C. § 981(a)(1)(C) for conspiracies to violate 18 U.S.C. § 152 [Concealment of Assets in Bankruptcy, hereafter "Bankruptcy Fraud"] and 18 U.S.C. § 666 [Theft or Bribery Concerning Programs Receiving Federal Funds]. Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions is also applicable.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over a civil forfeiture action commenced by the United States by virtue of 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3. The Court has *in rem* jurisdiction over the defendant property based on 28 U.S.C. §§ 1355(b)(1)(A) and 1355(b)(1)(B).

4. Venue is proper under 28 U.S.C. §1355(b)(1)(A) and 28 U.S.C. § 1395.

## THE DEFENDANTS IN REM

5. The defendant property consists of:

   a. $229,590.00[1] in United States currency seized from a safe in the home of Dallas County Commissioner John Wiley Price at 510 East 5th Street in Dallas County, Dallas, Texas that was seized on June 27, 2011 pursuant to a search warrant; and

   b. $230,763.47 from Dallas County Commissioner John Wiley Price's Sale of 7001 Grady Niblo Road, Dallas, Texas consisting of:

---

[1] This cash is also being held as evidence in a parallel criminal investigation.

      i. $50,000 due to Dallas County Commissioner John Wiley Price from his sale of 7001 Grady Niblo Road, Dallas, Texas that was seized on December 19, 2011 from W.O. Henry at 2450 North I-35E in Lancaster, Texas pursuant to a seizure warrant after the sale of the property. This same property was later re-seized on March 18, 2012 pursuant to a second seizure warrant after the title company required what was essentially a second closing on the property.

      ii. $180,763.47 due to Dallas County Commissioner John Wiley Price's Sale of 7001 Grady Niblo Road, Dallas, Texas that was seized on March 18, 2012 from Republic Title at 2626 Howell Street, Dallas, Texas 75204 pursuant to a seizure warrant.

6. The $229,590.00 in United States currency seized from a safe in the home of Dallas County Commissioner John Wiley Price is more particularly described as follows:

    a. $32,700.00 with a bank bag marked Dallas International Bank, Commerce and Field Street. There is one bank strap marked Lakeside National Bank, $2,000, dated April 12, 2011. Another bank strap is marked $2,000, with no other markings. All cash appears to be in $100 dollar bills.

    b. $38,000.00 with a manila envelope with "40" written and crossed out and "38" written beside it. All the cash appears to be 100 dollar bills and there are four bank straps:

      i.    City Bank Forney, $2,000, dated November 23, 2001,

      ii.   City Bank Forney, $2,000, dated November 23, 2001,

      iii.  $2,000, otherwise unmarked, and

      iv.  $2,000, otherwise unmarked.

c. $5,040.00 with one mailing envelope postmarked September 7, 2004, Denver, CO. The return address is BJ Johnson, 6401 S. Boston Street, Greenwood Village, CO 80111. There is one BankOne bank strap dated February 16, 2004, for $2,000. It is marked with a route number ending in 0614, and a BC number ending in 4200. There is also a Dallas Telco receipt dated October 1, 2004, showing checks received for $2,500 and $300 with cash back of $2,800.

d. $44,000.00 with one manila envelope and there are 22 bank straps. Twenty of the straps are marked City Bank Forney, and dated as follows: December 30, 2002 (5), January 2, 2003 (5), and January 6, 2003 (10). Two of the straps are unmarked. All of the cash appears to be 100 dollar bills.

e. $26,000.00 which appears to be all 100 dollar bills and is with a bank bag marked City Bank, Lubbock, Texas. In addition, the following items are noted:

      i.    One U.S. Department of Treasury mailing envelope.

      ii.   One unmarked envelope.

      iii.  One City Bank cash envelope marked: "4281.86".

      iv.    One cash envelope, unmarked as to bank, with "9k" written on it.

      v.    Six City Bank of Forney bank straps dated as follows: April 7, 2005 (2) and June 9, 2005 (4).

f. $2,500.00 which was with one City Bank Forney mailing envelope. The cash appears to be in denominations of 10, 20, and 50 dollar bills.

g. $4,000.00 with a Dallas County mailing envelope with the return address for Price, District 3 Commissioner. In addition, there are two Dallas Telco receipts from a Price account ending in 1862 which are dated October 8, 2004. One receipt shows a deposit of $4,000 and the second shows a withdrawal of $4,000. The signature appears to be that of Dapheny Fain. The second receipt is marked "39 x 100   5 x 20" with initials.

h. $31,600.00 with a bank bag marked Lakeside National Bank. There are three cash back envelopes: Wells Fargo, Bank of America, and Dallas Telco. There are two bank straps from Wells Fargo, Bedford North Office, dated June 3, 2008, Vault #00. One is marked $1,000 and the other is marked $2,000. There is also one $10,000 bank strap from an unknown bank. It is dated February 21, 2006. The cash appears to be in 100 bills with approximately $1,000 in 50 dollar bills.

i. $9,000.00 with four bank straps marked as follows:

      i.    one Lakeside National Bank, dated November 4, 2005, for $2,000,

      ii.    one BankOne, dated February 18, 2004, for $2,000,

      iii.   two for $2,000, unmarked as to bank,

      iv.   one for $1,000, unmarked as to bank.

  j.   $36,750.00 with a bank bag marked American National Bank. The inside of the bank bag is marked "CheerLeaders (Sylvia)". There are also four Dallas Telco cash back envelopes, one marked "VII K" and one Bank of America cash back envelope.

7. The $229,590.00 in United States currency seized from a safe in the home of Dallas County Commissioner John Wiley Price is currently stored at the Dallas Headquarters of the Federal Bureau of Investigation (FBI) which is located in the Northern District of Texas.

8. The $230,763.47 due to Dallas County Commissioner John Wiley Price's Sale of 7001 Grady Niblo Road, Dallas is currently in the custody of the United States Marshals Service (USMS) located in the Northern District of Texas.

## ADMINISTRATIVE FORFEITURE

### The $229,590.00

9. After the $229,590.00 was seized from Commissioner Price's safe, the FBI published notice of the proposed non-judicial administrative forfeiture of the money in accordance with 18 U.S.C. § 983(a) and 19 U.S.C. §1607. The notice was published in the *Wall Street Journal*, a newspaper of general circulation in this district, on September 9, 2011; September 16, 2011; and September 23, 2011.

10. Direct notices of the administrative forfeiture for the $229,590.00 were also sent on August 25, 2011 to John Wiley Price at 510 East 5th Street, Dallas, Texas 75203 and Price's attorney William M. Ravkind at One Meadows Building, 5005 Greenville Avenue, Suite 200, Dallas Texas as well as Dapheny Fain at 625 Missionary Ridge, Desoto, Texas 75115 and Fain's attorney Thomas W. Mills Jr. at 5910 North Central Expressway, Suite 980, Dallas, Texas 75206.

11. On September 27, 2011, John Wiley Price filed a verified claim of ownership to $115,000 of the Defendant property.

12. On September 28, 2011, Dapheny Fain filed a verified claim of ownership to $114,590 of the property.

13. Pursuant to 18 U.S.C. § 983(a)(3)(A), the FBI ceased all administrative forfeiture proceedings on the $229,590.00 after the claims were filed and forwarded them to the United States Attorney's Office for judicial forfeiture proceedings.

### Extension of the $229,590.00 Civil Forfeiture Filing Date

14. Once the administrative claims were filed on the $229,590.00, the Government had 90 days to file a complaint for forfeiture unless a District Court extended the time for filing. *Id*.

15. Pursuant to 18 U.S.C. § 983(a)(3)(A) and based upon the consent of all parties, the Hon. David C. Godbey extended the filing deadline on the $229,590.00 by 90 days from December 26, 2011 to March 26, 2011.[2] In an effort to be fair to Price and

---

[2] Docket number 3:11-MC-137. There is a typographical error in the caption of that filing which lists the amount of money as $90 less than it is.

Fain, the granting of the extension and all related materials were sealed until the filing of the original complaint.

16. The purpose of that extension was to give the Government time to scan documents seized from Price and Fain so that digital copies could be provided to their attorneys for use in responding to an asset forfeiture complaint within statutory timeframes.[3]

17. At the beginning of March, it became clear that a second extension would be necessary in order to complete the document scanning and give Price and Fain's attorney's sufficient time to review the material. The Government informed Price and Fain's attorneys that it would agree to a second sealed extension. Originally, both attorneys refused to consent to a second extension. Price's attorney later reversed his position and agreed to the extension. However, 18 U.S.C. § 983(a)(3)(A) does not permit a court to extend the time for filing "on consent" unless all potential parties consent to the extension.[4]

18. The Government was required to file an asset forfeiture action against the $229,590.00 on or before March 26, 2012 since John Wiley Price and Dapheny

---

[3] On July 29, 2011, the United States made available copies of documents that Fain specifically requested so that she would have all documents needed for filing Commissioner Price's 2011 campaign reports, her federal tax returns, MMS sales taxes, and Kwanzaafest. It is the understanding of the United States that Fain shared all copies of this material with Price's attorney. At the end of October, 2011, Price's attorney also requested copies of specific documents. After that request was narrowed, the United States made available copies of those documents on November 17, 2011. With limited exceptions, the rest of Fain's documents were made available on March 12, 2012 and Price's documents on April 23, 2012. On May 3, 2012, one additional box of Price's documents was made available to Price's attorney.

[4] Both Price and Fain's attorneys have told this prosecutor that they do not believe that the United States Attorney's Office is trying to improperly influence the election process by filing the present civil action at this time. As the Government has consented to a second extension, Mr. Ravkind and Mr. Mills have conceded that the decision to proceed now lies with them. Such matters are more fully discussed in the previously filed first Amended Motion to Seal.

Fain filed verified claims of ownership to the money and Ms. Fain's attorney would not consent to any additional extensions.

### $230,763.47 from the Sale of 7001 Grady Niblo Road

a. **The $50,000.00**

19. In accordance with 18 U.S.C. § 983(a) and 19 U.S.C. §1607, the FBI published notice of the proposed non-judicial administrative forfeiture of the $50,000.00 in the *Wall Street Journal*, a newspaper of general circulation in this district, on March 2, 2012; March 9, 2012; and March 16, 2012.

20. Direct notice of the administrative forfeiture of the $50,000.00 was also sent on February 16, 2012 to John Wiley Price at 510 East 5th Street, Dallas, Texas 75203 and Price's attorney William M. Ravkind at One Meadows Building, 5005 Greenville Avenue, Suite 200, Dallas Texas. Direct notice was also sent to the Henry Building, Inc. at 2450 North I-35E, Lancaster, Texas 75146.

21. On March 22, 2012, John Wiley Price filed a verified claim of ownership to $50,000 of the Defendant property.

22. Pursuant to 18 U.S.C. § 983(a)(3)(A), the FBI ceased all administrative forfeiture proceedings on the $50,00.00 after the claims were filed and forwarded them to the United States Attorney's Office for judicial forfeiture proceedings.

b. **The $180,763.47**

23. In accordance with 18 U.S.C. § 983(a) and 19 U.S.C. §1607, the FBI scheduled published notices of the proposed non-judicial administrative forfeiture of the

$180,763.47 to appear in the *Wall Street Journal*, a newspaper of general circulation in this district, on May 11, 2012; May 18, 2012; and May 25, 2012.

24. Direct notice of the administrative forfeiture of the $180,763.47 was also sent on April 27, 2012 to John Wiley Price at 510 East 5th Street, Dallas, Texas 75203 and Price's attorney William M. Ravkind at One Meadows Building, 5005 Greenville Avenue, Suite 200, Dallas Texas. Direct notices were also sent to the Henry Building Inc. at 2450 North Beckley Road, Lancaster Texas 75146, the Henry Building Inc. through attorney Terri Moore at 1407 Texas Street, Suite 201, Fort Worth, Texas 76102, and Republic Title c/o Peter Graf at 2626 Howell Street, 10th Floor, Dallas, Texas 75204.

25. To date, John Wiley Price has not filed a verified claim of ownership to the $180,763.47 and his deadline to file is June 1, 2012.

## BASIS FOR FORFEITURE

26. The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it constitutes property involved in a conspiracy to commit a transaction or an attempted transaction in violation of sections 1956 and 1957 of title 18, United States Code, or is property traceable to such property.

27. The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes property derived from proceeds traceable to a violation of or a conspiracy to violate 18 U.S.C. § 152 [Concealment of Assets in Bankruptcy; hereafter "Bankruptcy Fraud"] as well as a violation of or a

conspiracy to violate 18 U.S.C. § 666 [Theft or Bribery Concerning Programs Receiving Federal Funds].

## FACTS SUPPORTING A REASONABLE BELIEF FOR FORFEITURE

28. The facts supporting a reasonable belief that the Government will be able to prove at trial that the defendant property is subject to forfeiture are detailed in the first amended verification affidavit of FBI Special Agent Donald B. Sherman that accompanies this first amended complaint as an exhibit. Pursuant to Federal Rule of Civil Procedure 10(c), Agent Sherman's first amended verification affidavit is herby expressly made a part of this complaint for all purposes. As a part of this complaint, Agent Sherman's affidavit has been properly formatted to comply with Federal Rule of Civil Procedure 10(b).

## CLAIM FOR RELIEF

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

THEREFORE, the Government requests the following:

(a) the District Clerk issue warrants for the arrest of the Defendant property pursuant to Rule G(3)(b)(i) of the Supplemental Rules Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

(b) the Defendant property be arrested by the United States Marshals Service (USMS), its agents, and/or their designee, as provided by Rule G(3)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, but that the $229,590.00 in United States currency seized from a safe in the home of Dallas County Commissioner John Wiley Price remain in the custody of the FBI as evidence;

(c) publication of notice of the complaint for forfeiture and the warrant for arrest of property be made by posting notice on the official internet government site www.forfeiture.gov for at least 30 consecutive days in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Certain Admiralty or Maritime and Asset Forfeiture Claims;

(d) notice pursuant to Rule G(4)(b) of the Supplemental Rules for Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions be sent to any person reasonable appearing to be a known potential claimant, advising the person of the date of notice; the deadline for filing a claim (35 days after notice is sent); that an answer or motion under Rule 12(b) must be filed no later than 20 days after the filing of the claim; and the name of the Government's attorney to be served with the claim and answer;

(e) after all proceedings are had on this complaint for forfeiture, that the Defendant property be condemned by judgment and order of this Court and declared and decreed to be forfeited to the Government according to law;

(f) all costs and expenses incurred by the Government in obtaining the condemnation and forfeiture of the Defendant property be appropriately taxed against any person or entity who may file a verified claim and answer herein, and/or if more than one person or entity files a verified claim and answer herein be jointly taxed and prorated among them, as the Court deems just and equitable; and

(g) the Government have such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

/s/ Walt M. Junker

Walt M. Junker
Assistant United States Attorney
Texas State Bar Number 24038115
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Telephone:  (214) 659-8600
Facsimile:  (214) 659-8805
walt.junker@usdoj.gov