IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| VS. | § § | |
| $229,590.00 in United States Currency Seized from a Safe in the Home of Dallas County Commissioner John Wiley Price | § § § § § | Civil Action No. 3:12-CV-0893-D |
| $230,763.47 from Dallas County Commissioner John Wiley Price's Sale of 7001 Grady Niblo Road, Dallas, Texas | § § § § § § | |
| Defendants *In Rem*. | § | |

MEMORANDUM OPINION
AND ORDER

In this civil forfeiture action, one claimant moves under 18 U.S.C. § 981(g)(2) to stay the proceedings and the other claimant moves for a stay or, alternatively, for an extension of time to file an answer due to the pendency of a related criminal investigation or case. Concluding that neither claimant has satisfied the standing requirement of § 981(g)(2) because neither has filed an answer, the court denies the motions.

I

In 2011 the government seized the sum of $229,590 in United States currency from a safe located in the home of claimant Dallas County Commissioner John Wiley Price ("Commissioner Price"). After the Federal Bureau of Investigation ("FBI") published notice

of the proposed non-judicial administrative forfeiture of the currency, Commissioner Price filed a verified claim of ownership to $115,000 of the defendant property. Claimant Dapheny E. Fain ("Fain") filed a verified claim of ownership to $114,590 of the defendant property. After the claims were filed, the FBI ceased all administrative forfeiture proceedings concerning the $229,590 in seized currency and forwarded the claims to the United States Attorney's Office for judicial forfeiture proceedings.

In 2012 the government filed a complaint *in rem* against the seized property under 18 U.S.C. § 981(a)(1)(A) and (C). The government later amended the complaint to add the sum of $230,763.47 seized from Commissioner Price's sale of 7001 Grady Niblo Road, Dallas, Texas as a defendant *in rem*. Commissioner Price filed a verified claim stating he is the owner of the sum of $115,000 of the $229,590 in currency seized from his home and that he is the owner of the sum of $230,763.47 seized from his sale of 7001 Grady Niblo Road, Dallas, Texas. Fain filed a verified claim stating that she is the owner of the sum of $114,590 of the $229,590 in currency seized from Commissioner Price's home.

Neither Commissioner Price nor Fain has filed an answer to the government's complaint or amended complaint. Instead, each has filed a motion under 18 U.S.C. § 981(g)(2) to stay the civil forfeiture action. Fain also seeks, in the alternative, an extension of time to file an answer. The government opposes the motions, contending that Commissioner Price and Fain have failed to establish standing because their claims to the property are vague and because they have not filed answers to the amended complaint.

II

A

Commissioner Price and Fain move the court under 18 U.S.C. § 981(g)(2) to stay this civil forfeiture proceeding until the government's criminal investigations are complete. Section 981(g)(2) provides:

> Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that—
> (A) the claimant is the subject of a related criminal investigation or case;
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

*Id.* The government does not dispute that Commissioner Price and Fain satisfy the first requirement, but it maintains that neither can satisfy the second or third requirement of § 981(g)(2).

B

The court need only address the second requirement: whether Commissioner Price and Fain have demonstrated that they have standing to assert a claim in this civil forfeiture proceeding.

A claimant seeking a stay under § 981(g)(2) must have both Article III and statutory standing to contest the forfeiture. *See*, *e.g.*, *United States v. $410,000.00 in U.S. Currency*, 2007 WL 4557647, at *5 (D.N.J. Dec. 21, 2007) ("The Court concludes, however, that to


have 'standing to assert a claim,' a claimant seeking a stay must have statutory standing and also make a *prima facie* show[ing] that he has Article III standing to contest the forfeiture." (citation omitted); *United States v. $153,968.16 Seized from Bank of Am. Acct. No. XXXXXXXX8500*, 2007 WL 879422, at *2 (N.D. Ga. Mar. 21, 2007) ("Along with Article III standing, statutory standing 'is a threshold issue' that a claimant in a forfeiture proceeding must establish before the court can grant claimant's request" to stay proceedings under 18 U.S.C. § 981(g)(2). (citation omitted)).  The government contends, *inter alia*, that Commissioner Price and Fain do not have statutory standing because they have failed to file answers, as required by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") and by 18 U.S.C. § 983(a)(4)(B).

Rule G(5)(b) of the Supplemental Rules requires that "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." 18 U.S.C. § 983(a)(4)(B) provides that "[a] person asserting an interest in seized property, in accordance with subparagraph (A), shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim." The filing of an answer as required by the statute and Rule G is a necessary prerequisite to statutory standing in a civil forfeiture case.  As the Eleventh Circuit has explained:

> We have emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action. Moreover, under the Supplemental Rules, the government may move to strike a forfeiture claim at any time before trial for failure to comply with Rule G(5) or for lack of standing. Because appellant failed timely to file an answer to the Government's complaint, the district court did not abuse its discretion in striking his claim and subsequently denying his motion for reconsideration. The district court was entitled to insist upon strict compliance with the procedural requirements set forth in Rule G(5) and, thus, to strike appellant's claim for lack of statutory standing to contest the forfeiture.

*United States v. $12,126.00 in U.S. Currency*, 337 Fed. Appx. 818, 820 (11th Cir. 2009) (per curiam) (citations omitted); *see also United States v. 479 Tamarind Drive, Hallendale, Fla.*, 2011 WL 1045095, at *3 (S.D.N.Y. Mar. 11, 2011) ("In order to establish statutory standing, a claimant must follow the procedural rules in [Rule G]."). Thus "[w]hen a claimant fails to file an answer, he or she does not have statutory standing to bring a claim." *479 Tamarind Drive*, 2011 WL 1045095, at *3.

Neither Commissioner Price nor Fain has filed an answer, as required by Rule G(5)(b) and 18 U.S.C. § 983(a)(4)(B). Accordingly, neither has statutory standing to assert a claim in this action and thus cannot obtain a stay under 18 U.S.C. § 981(g)(2). Their motions for a stay are therefore denied.

C

The court also denies Fain's alternative motion for a 90-day extension of time to file an answer. Fain has failed to provide the court with any reasons justifying an extension. Moreover, granting the relief Fain requests would be the functional equivalent of granting her a 90-day stay—a stay for which Fain does not qualify under the 18 U.S.C. § 981(g)(2) because she lacks standing.

\* \* \*

For the foregoing reasons, Commissioner Price's July 25, 2012 motion for stay, Fain's July 26, 2012 motion for stay and, alternatively, motion for extension of time to file answer, and Fain's August 3, 2012 amended motion for stay and, alternatively, motion for extension of time to file answer are denied.

**SO ORDERED.**

September 24, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE