**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **$229,590.00 in United States Currency** | § | |
| **Seized from a Safe in the Home of** | § | **Case No. 3:12-CV-893-D** |
| **Dallas County Commissioner** | § | |
| **John Wiley Price** | § | **ECF** |
| | § | |
| **$230,763.47 from Dallas County** | § | |
| **Commissioner John Wiley Price's** | § | |
| **Sale of 7001 Grady Niblo Road,** | § | |
| **Dallas, Texas** | § | |
| | § | |
| **Defendants *In Rem*.** | § | |

<u>**DAPHENY FAIN'S RESPONSE TO THE
GOVERNMENT'S MOTION TO STRIKE CLAIM AND
DEFAULT JUDGMENT**</u>

TO THE HONORABLE JUDGE SIDNEY A. FITZWATER:

Claimant, Dapheny Fain opposes the Government's motion to strike her claim and default judgment. In support, Fain presents the following facts and arguments.

On November 01, 2012, the government moved jointly to strike claimants John Wiley Price's and Daphney Fain's claims and, subsequently moved for default judgment. (Dkt. # 41). The government's twenty-six page brief can best be summed up, in regards to Fain, in three arguments. The government argued that Fain's claim (1) failed to identify the specific property she was claimed; (2) failed to state her interested in the property; (3) lacks standing. (Dkt. # 41 at 23). Fain will address each argument in this response.

DAPHENY FAIN'S RESPONSE TO DEFAULT JUDGMENT – Page 1

First, Fain identified with specificity, to the extent possible, the property.   In her claim, Fain asserted that $114,590 of the $229,590 seized cash was her own property. (Dkt #18).   To support this claim, Fain explained that she often placed cash in Price's safe for safe keeping.   To support her claim that she owned the $114,590, Fain points to the only other person with personal knowledge – Price.   Price conceded in his claim that the money was Fain's and he was merely storing it for safe keeping.   (*See*, Dkt # 41, Exhibit A "[Price] assert[s] claim of ownership to $115,000.00 of the funds seized and assert[s] interest as custodian for Dapheny E. Fain of the balance of the funds seized, or $114,590.00.").

Second, in its brief, the government urged that Fain was a mere creditor and thus unprotected under 18 U.S.C. § 983.   (Dkt. #41 at 18, "Fain's claim to the money still appears to be nothing more than an unsecured 'I owe you.'").

In this regards, the government mislabeled Fain's claim.   Fain did not claim that she lent Price the cash; instead, she quite clearly claimed that it was her cash she asked Price to hold for her.   Price was not free to spend the cash; his sole duty was to possess Fain's money for Fain's later use.   Fain did not have a future interest in the money, or a contingent interest, it was simply her money.   In other words, Fain is the owner and Price was the possessor.

Third, because Fain claimed with as much specificity as possible which property belongs to her and because she explained her ownership interest in the property, Fain has standing.

Looking to a recently reversed case in the Fifth Circuit is helpful.   In *United States v. $500,000*, 591 F.3d 402 (5th Cir. 2009) ("*Saving Call*"), the court reversed the lack-of-

standing holding of the district court.  There, money found in a home safe and bank safe deposit box were seized as part of a criminal investigation.  *Id.* at 404.  The home and the bank safe deposit box were in the names of individuals indicted in criminal activity.  *Id*. Saving Call, whose name were not on the bank safe deposit box, claimed to be the owner of the money explaining that it gave the money to the individuals to store for safe keeping.  *Id*.  The government asserted, as it has done in the instant case, that Saving Call's interest was that of a general creditor.  *Id*. at 405.  The Fifth Circuit disagreed holding that "the pleadings alleged that Saving Call owned the actual seized dollars."  *Id*. Saving Call's explanation that "business was 'conducted with cash as opposed to credit card and check payments'" was sufficient to survive a motion to dismiss.  *Id*.  The affidavits from the indicted individuals asserting that the money "was simply being held for Saving Call" supported Saving Call's claim.  *Id* at 405-06.

   The same result is required in this case.  Fain claimed to be the owner of $114,590 and not a general creditor.  Fain, like *Saving Call*, operated in cash and gave cash to Price to store for safe keeping.  To support her claim, as was done in *Saving Call*, Fain points to the claim of Price in which he agreed that Fain gave him cash money to store in his home safe.  Fain's claim, like that of *Saving Call*, is enough to survive the government's motion to strike and default judgment.

   WHEREFORE, Fain requests that this Court deny the government's motion to strike and default judgment.

Respectfully submitted,

/s/ *Thomas W. Mills, Jr.*
THOMAS W. MILLS, JR.
State Bar No. 14167500
MILLS & WILLIAMS, L.L.P.
Premier Place, Suite 980
5910 N. Central Expressway
Dallas, Texas 75206-5141
tmills@millsandwillilams.com
(214) 265-9265
(214) 363-3167 (facsimile)

ATTORNEY FOR DAPHENY FAIN


## CERTIFICATE OF SERVICE


I hereby certify that on this 5th day of November, 2012, I electronically filed the foregoing instrument, using the ECF system of this Court.  A copy of this instrument is being provided to all counsel of record via the ECF system of the court.


/s/ *Thomas W. Mills, Jr.*
THOMAS W. MILLS, JR.