IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| $229,590.00 in United States Currency | § | 3:12-CV-893-D |
| Seized from a Safe in the Home of | § | |
| Dallas County Commissioner | § | |
| John Wiley Price | § | |
| | § | |
| $230,763.47 from Dallas County | § | |
| Commissioner John Wiley Price's Sale | § | |
| of 7001 Grady Niblo Road, Dallas, | § | |
| Texas | § | |
| | § | |
| Defendants *In Rem.* | § | |

## GOVERNMENT'S ANSWER TO DAPHENY FAIN'S PURPORTED DEFENSES, COUNTERCLAIMS, OR MOTIONS TO DISMISS

In paragraphs 30 through 33 of the answer that Dapheny Fain filed in these proceedings, she pleaded allegations labeled as "defenses." To the extent that these allegations could be construed to be either (1) counterclaims because they ask for affirmative relief, or (2) motions to dismiss because Fain explicitly requests the Court to take such action, the United States, to preserve its rights, responds as follows:

1

**FIRST DEFENSE** (Fain's Answer ¶ 30)

30.     Claimant moves the Court to dismiss the complaint for the reason that the Plaintiff fails to state a claim upon which relief may be granted.  FRCP 12(b)(6).

**ANSWER**:  The Government denies this claim.  To the extent that this paragraph purports to be a motion to dismiss, Rule G(8)(b)(i)[1] requires that a claimant establish her standing before she is permitted to make a Rule 12(b) motion to dismiss.  Fain has not established standing to make a motion to dismiss.

The Government maintains that its twelve page complaint clearly states the basis for its claims and the incorporated 62 page verification affidavit contains more than sufficient facts to support those claims.

**SECOND DEFENSE** (Fain's Answer ¶ 31)

31.     Claimant moves the Court to dismiss the complaint for the reason that Plaintiff's complaint is so vague or ambiguous that the Claimant cannot frame a responsible pleading.  FRCP 12(e).  Specifically, the complaint fails to aver the facts supporting a reasonable belief that the Government will be able to prove at trial that the Property is subject to forfeiture.  FRCP 10(c).

**ANSWER**:  The Government denies this claim.  Federal Rule of Civil Procedure 12(e) is not an affirmative defense.  Rather, the rule provides a procedure to compel a more definite statement when the opposing party files a pleading that is so vague or ambiguous that it makes it impossible for a party to respond.  That is not the case here, as Fain has filed an answer to the Government's complaint.  Further, Rule 12(e) provides that a party must move for a more definite statement "before filing a responsive pleading []."  Because Fain made her motion for a more definite statement as a part of and

---

[1] Supplemental Rule G of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Rule G).

contemporaneously with her answer, she has waived her opportunity to use Rule 12(e) to compel a more definite statement.

**THIRD DEFENSE** (Fain's Answer ¶ 32)

32. Claimant moves the Court to dismiss the complaint as the complaint fails to allege facts that show the particulars of time, place, or contents of alleged false representations, conspiracy to commit money laundering, conspiracy to engage in monetary transactions in property derived from specified unlawful activity, bankruptcy fraud and/or theft or bribery concerning programs receiving federal funds.  FRCP 9.  Claimant would further show that the complaint fails to allege facts demonstrating predicate acts, including allegations respecting the making and content of any false representations, the identity of who made the representations, what they obtained thereby, or necessary details supporting the predicate acts of theft, conspiracy and fraud.

**ANSWER**:  The Government denies this claim.  To the extent that this paragraph purports to be a motion to dismiss, Rule G(8)(b)(i) requires that a claimant establish her standing before she is permitted to make such a motion, which Fain has not done.

A civil forfeiture complaint need only state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof *at trial* after discovery has been conducted and depositions taken.  Rule G(2)(f).  That is why 18 U.S.C. § 983(a)(3(D) and Rule G(8)(b)(ii) provide that a forfeiture complaint may not be dismissed "on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property."

More importantly, Federal Rule of Civil Procedure 9(b) does not apply to the sufficiency of forfeiture complaints.  *See, e.g., United States v. $15,270,885.69 Formerly on Deposit in Account No. 8900261137*, 2000 WL 1234593, *6 (S.D.N.Y. 2000) (finding that, prior to Rule G's enactment, Rule 9(b) has no application to *in rem* civil forfeiture cases and that the adequacy of civil forfeiture complaint is determined exclusively by

Rule E(2)).  Rule G(8)(b)(ii) expressly states that "[t]he sufficiency of the [forfeiture] complaint is governed by Rule G(2)."

**FOURTH DEFENSE** (Fain's Answer ¶ 33)

33.	Claimant moves the Court to dismiss the complaint because Claimant is an innocent owner of the Property [sic] subject of this forfeiture complaint if any crime was committed by someone else.

**ANSWER**:  The Government denies this claim.  To the extent that this paragraph purports to be a motion to dismiss, Rule G(8)(b)(i) requires that a claimant establish her standing before she is permitted to make a Rule 12(b) motion to dismiss.  Fain has not established standing to make a motion to dismiss because she has not pled the minimal facts necessary to establish that she meets the definition of "owner" in 18 U.S.C. § 983(d)(6).  Fain is an unsecured creditor or nominee who, by law, is barred from these proceedings.   18 U.S.C. § 983(d)(6)(B)(i) and (iii).

		Respectfully submitted,

		SARAH R. SALDAÑA
		UNITED STATES ATTORNEY

		s/ *Walt M. Junker*
		Walt M. Junker
		Assistant United States Attorney
		Texas State Bar Number 24038115
		1100 Commerce Street, Suite 300
		Dallas, Texas 75242
		Telephone:   (214) 659-8600
		Facsimile:    (214) 659-8805

## CERTIFICATE OF SERVICE

      I hereby certify that on November 5, 2012, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case filing system. That system sent a "Notice of Electronic Filing" to the attorneys for the claimants.

s/ *Walt M. Junker*
Walt M. Junker
Assistant United States Attorney