# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| *Plaintiff*, | § |
| v. | §  Case No. 3:12-CV-893-D |
| $229,590.00 in United States Currency Seized from a Safe in the Home of Dallas County Commissioner John Wiley Price | § |
| $230,763.47 from Dallas County Commissioner John Wiley Price's Sale Of 7001 Grady Niblo Road, Dallas, Texas | § |
| *Claimant in Rem.* | § |

## CLAIMAINT JOHN WILEY PRICE'S RESPONSE TO THE GOVERNMENT'S MOTION TO STRIKE PRICE AS A LITIGANT AND THE GOVERNMENT'S MOTION TO GRANT A DEFAULT JUDGMENT

Claimant, John Wiley Price, by and through undersigned counsel, respectfully files this Response to the Government's motion to strike him as a litigant in this matter, and the Government's motion to grant a default judgment.

In support hereof, Claimaint Price would state and show unto this Honorable Court as follows:

## I. Introduction

1. Despite the fact that this forfeiture case against Claimaint Price is nothing more than a sham or a ruse and its only purpose is to obtain civil discovery for a criminal investigation, still, Claimaint Price will respond to the Government's combined motions (both contained in Doc. #41) based upon the facts and the law.[1]

2. As a prefatory matter, however, Claimant Price would vigorously object to the Government's repeated statements in its combined motion that the Government "instructed" or "warned" or "told" Claimaint's counsel what to do and how to do it. The Government is not the Judge or the Jury in this case. Since it is a civil matter (despite the obvious sham or ruse), the Government must follow and be subject to the same rules of discovery and conduct as any other party. See, e.g., *S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 418 (S.D.N.Y.2009). Apparently the Government believes that it, as a private litigant, can command or order or instruct the other side on how to do things, and how the Court will rule on various matters if the Government's "clear instructions" are not followed.[2]

3. In any event, in its combined motion the Government admits that Claimant Price has filed an Answer. The Government also admits that Claimant Price has

---

[1] It is almost insulting to contend otherwise. Notwithstanding all of the other facts which have occurred so far, the uncontested fact that the civil discovery requested by the Government was served by two FBI agents upon Price's attorney should, at minimum, cause one to pause in determining what it is the Government is really doing here.

[2] Given the Government's statements both in its motion and in its private communications with Claimant's counsel, one wonders whether the Govnerment thinks the Court is merely a rubber stamp for whatever it is that the Government wants to do.

served responses to the Government's special interrogatories. Accordingly, the Government has already obtained a blueprint of the Commissioner's defense. This is true even though the Government still refuses to allow Price to review the Affidavit(s) required to justify the search of either his home or his office. The Government justifies this egregious act by claiming that Price is not entitled to review the Affidavit(s) because that would amount to premature discovery in the anticipated criminal case. If there a better example of hypocrisy, counsel would very much like to see it.

## II. Claimant Price Has Standing

4.   The Government first alleges that Claimant Price does not have standing because he allegedly did not identify the specific cash from the safe that he is claiming. This is manifestly untrue. Claimant Price has repeatedly stated the amount of the money in the safe that was his as opposed to belonging to Ms. Fain. To contend otherwise is preposterous. The only basis for such a statement would seem to be the Government's erroneous belief that a claimant needs to identify the serial numbers for each piece of currency. However, as Claimant Price pointed out in his interrogatory response, because currency is fungible, and due to the passage of time, it is essentially impossible to identify the serial number on each bill that was in his possession before the Government unlawfully took it. Again, as noted in his interrogatory response, such a contention by the Government is absurd, as virtually no human being keeps track of each and every separate piece of currency that they possess, and the date when they obtained each piece of currency. In short,

Claimant Price has most definitely identified the cash that was his in his home, and the Government's contention that he has not is belied by the facts of the case and common sense. Accordingly, such an argument should be rejected. Going further, one might rhetorically ask what is the Government's role in the split between the Commissioner and Ms. Fain? One thing is sure, the Government is entitled to nothing.

5. The Government next avers that Claimant Price does not have standing despite the fact that Claimant Price has filed an Answer and has served responses to the special interrogatories. The Government makes this claim because Claimant Price's responses were late. Going further, the Government alleges that because Claimant Price was late, the Government has been prejudiced.

6. With respect to the Government having been prejudiced, the Government has offered no supporting evidence whatsoever. It is simply a bald-faced assertion with no factual support. Numerous federal courts have repeatedly stated that bald-faced assertions will not support any type of motion, even if the assertion is made by the Government (which, again, is not special or entitled to any sort of deference under the Rules as it is merely a private litigant like any other party). See, e.g., *United States v. Jose D.L.,* 453 F.3d 1115, 1124 (9th Cir.2006) (court rejected government's "bald assertion" that caution required retention of defendant). The Government's argument on this point is wholly deficient, and the nature and/or amount of any alleged prejudice cannot be ascertained by the Government's self-serving and conclusory statements which are not backed up with any proof

whatsoever. Without any supporting facts of how the Government has allegedly been prejudiced, the Court should dismiss such an argument.

7. Furthermore, the Government's own statements in its motion show that the Government's contentention is illusory. That is, the Government stated in its motion on several occasions that it offered to extend the time for Claimant Price to file various documents. The Government used these supposed offers to apparently show that it acted in good faith. However, if the Government offered extensions of time, that obviously means the Government would not have been prejudiced if Claimant Price had accepted the offers. So if the Government would not have been prejudiced had Claimant Price accepted supposed extensions, how can the Government now claim it was prejudiced for the delay in time? Such an assertion is specious on its face, and the Court should reject such nonsense.

8. The Government also makes the allegation that the alleged delay has impacted the Court itself. Claimant Price has seen no such evidence, and would posit the notion that the Court itself is in a better position to determine if its case load is unmanageable and if this case will deplete the Court's resources. Claimant Price's counsel has complete faith in this Court's ability to weigh in on this factor and to determine whether this action has had a terrible impact on the Court's efficient administration. Although the Government did not say so, presumably it also believes that it is in a better position to decide if the Court's own case load needs lessening.

## III. The Federal Rules Favor Trials Over Defaults

9. Curiously absent from the Government's motion was any mention whatsoever that federal courts, and the Federal Rules of Civil Procedure themselves, favor trials on the merits over defaults. This has been repeatedly stated by various circuit courts of appeals over the years. See, e.g., *Dorfmeyer Co. v. M.J. Sales & Distrib. Co.,* 461 F.2d 40 (7th Cir.1972) (reversing denial of motion to vacate default judgment because "philosophy of modern federal procedure favors trials on the merits"); *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985) ("Entry of judgment by default is a drastic remedy which should be used only in extreme situations.... [T]he usual preference [is] that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." (citing to *Flaska v. Little River Marine Construction Co.,* 389 F.2d 885, 887 (5th Cir. 1968), *cert. denied,* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968)); *accord Davis v. Parkhill-Goodloe Co.,* 302 F.2d 489, 495 (5th Cir. 1962) ("We need only briefly mention that we concur fully in the trial Judge's refusal to grant the plaintiff a default judgment.... Where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the [defendant] to the end of securing a trial upon the merits." (6 Moore, Federal Practice § 55.01(1) at 1829)).[3] Thus, as shown in the case law above, as well as the Federal Rules of Civil Procedure, defaults are not favored, but rather trials on the merits are favored.

---

[3] Also see *Newberry v. Cohen*, 374 F.2d 320 (1967) and *Thorpe v. Thorpe*, 364 F.2d 692 (1966), wherein the discussion occurs regarding the philosophy of the Federal Rules of Civil Procedure favoring trials over defaults.

10. Despite the Government's apparent belief that litigation is a game, it is not; rather, litigation is an attempt to get at the truth of what actually happened and to obtain justice. *See Bintliff v. U.S.,* 462 F.2d 403 (5th Cir.1972); *Sims v. ANR,* 77 F.3d 846 (5th Cir.1996); *Hall v. Freese* 735 F.2d 956 (5th Cir.1984). The truth of who the money rightly belongs to can easily be ascertained by allowing Claimant Price his day in court where he can challenge the vast array of governmental power which has been assembled against him. To deny him his day in court would subvert both the spirit and the letter of the Federal Rules and allow the Government to get away with stealing his property under color of the law, and denying him his rights to due process and his right to not be denied his property without just compensation. Such a result would be manifestly unjust.[4]

## IV. Claimant Price Would Again Assert that this Case is a Ruse

11. Claimant Price would respectfully request a hearing so that the Government could explain, if it can, how this entire forfeiture proceeding is nothing more than what we are calling it – "a sham". Simply stated, this proceeding is an aberration contrived by the Government to run around the constitutional rights normally afforded a citizen in a criminal investigation. Indeed, the Government knows that what was taken from the safe and what was taken from the real estate transaction belong to either Claimant Price or to Dapheny Fain.

---

[4] The civil forfeiture racket which now exists has been aptly illustrated and detailed by various briefs before the Supreme Court of the United States in the current case of *The State of Florida v. Clayton Harris*. The best such example is the amicus curiae brief by the Institute for Justice.

12. Perhaps of importance to the Court is the fact that in a very recent civil proceeding in which clients of the undersigned attempted to obtain legitimate discovery, the Government sought and obtained a stay from the Honorable Royal Furgeson. The Government's argument in that case, of course, was that a criminal proceeding takes precedence and that plaintiffs should not be allowed to obtain criminal discovery in a civil case even though the discovery would have been relevant in either case. Apparently the goose is not good for the gander when it comes to the Government.

13. Finally, as shown in this response and in the papers before the Court, both Claimant Price and Claimant Fain have now filed answers which have already compromised their rights and, similarly, have answered interrogatories which have compromised these rights. Respectfully, Claimant Price requests the Court to grant him a hearing wherein the Government will have an opportunity to explain their otherwise aberrant conduct.

## V. Conclusion and Prayer

14. For the reasons presented herein, Claimant John Wiley Price respectfully asks the Court to deny the Government's motion to strike him as a litigant in this matter, and the Government's motion to grant a default judgment. Claimaint Price would further respectfully ask that the Court set this matter for a hearing, so that the Government can explain more fully how it is that they are not willfully violating Claimant Price's constitutional rights and how this case is not a sham or a ruse to obtain discovery for use in a criminal case.

Respectfully submitted,

**RAVKIND & ASSOCIATES, LLC**


 /s William M. Ravkind
William M. Ravkind
State Bar No. 16587300
BRavkind@JohnHCarney.com
One Meadows Building
5005 Greenville Avenue, Suite 200
Dallas, Texas 75206
(214) 559-0555 – Telephone
(214) 363-9979 – Facsimile

**Attorney for Claimant**


## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2012, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. Assistant United States Attorney Walt Junker has also been served with a copy of this claim.


 /s William M. Ravkind
William M. Ravkind