IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| $229,590.00 in United States Currency | § | |
| Seized from a Safe in the Home of | § | Case No. 3:12-CV-893-D |
| Dallas County Commissioner | § | |
| John Wiley Price | § | ECF |
| | § | |
| $230,763.47 from Dallas County | § | |
| Commissioner John Wiley Price's | § | |
| Sale of 7001 Grady Niblo Road, | § | |
| Dallas, Texas | § | |
| | § | |
| Defendants *In Rem*. | § | |

SECOND MOTION TO EXTEND TIME TO RESPOND TO INTERROGATORIES

Claimant Dapheny E. Fain moves, pursuant to Federal Rule of Civil Procedure 6(b), for a 90-day extension of time to file a response to the Special Interrogatories in this

civil action, governed by Supplemental Rule G(6) of Admiralty or Maritime Claims and Asset Forfeiture Actions.   In support of this motion, Ms. Fain presents the following facts and authority.

1. On July 24, 2012, Special Agent Donald Sherman served a set of interrogatories on Claimant Fain's attorney, Thomas W. Mills.

2. On August 14, 2012, this Court granted the agreed motion to extend the deadline by 90 days.  (Dkt. # 26).  Thus, at that time the interrogatories were due November 13, 2012.  However, on October 26, 2012, the attorney for the government informed counsel via email that he may withdraw the interrogatories and "The government might be able to narrow them or consent to an extension of time…"

3. On November 01, 2012, the government moved to strike Ms. Fain as a claimant and for default judgment.  (Dkt. # 41).  Ms. Fain filed an opposition brief on November 05, 2012.  (Dkt # 43).   The motion remains pending.

4. Thus, based on the email communication with the government's attorney, as well as the fact that the government moved for default judgment, counsel believed that the interrogatories were on hold.

5. **Counsel conferred with the attorney for the government on November 14, 2012 by telephone and was informed that the government opposes this motion but, because of the pending motion for default judgment, does not intend to compel Ms. Fain to answer the interrogatories.**

6. Given the pending motion for default judgment, Ms. Fain moves this Court to postpone the deadline to answer the interrogatories.

7. This Court's authority to grant such a request lies with Federal Rule of Civil Procedure 6(b).

Wherefore, Claimant respectfully requests a 90-day extension of time to answer the interrogatories.

Respectfully submitted,

/s/ *Thomas W. Mills, Jr.*
THOMAS W. MILLS, JR.
State Bar No. 14167500
MILLS & WILLIAMS, L.L.P.
Premier Place, Suite 980
5910 N. Central Expressway
Dallas, Texas 75206-5141
tmills@millsandwillilams.com
(214) 265-9265
(214) 363-3167 (facsimile)

ATTORNEYS FOR CLAIMANT

CERTIFICATE OF CONFERENCE

I certify that I discussed the motion for extension of time with AUSA Walt M. Junker. The Government *opposes* a 90-day extension of time for Claimant Fain to file her answers to the Supplemental Rule G(6) Special Interrogatories.

/s/ *Thomas W. Mills, Jr.*
THOMAS W. MILLS, JR.

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2012, I electronically filed the foregoing instrument, using the ECF system of this Court.   A copy of this instrument is being provided to all counsel of record via the ECF system of the court.

/s/ *Thomas W. Mills, Jr.*
THOMAS W. MILLS, JR.