IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| $229,590.00 in United States Currency | § | 3:12-CV-893-D |
| Seized from a Safe in the Home of | § | |
| Dallas County Commissioner | § | |
| John Wiley Price | § | |
| | § | |
| $230,763.47 from Dallas County | § | |
| Commissioner John Wiley Price's Sale | § | |
| of 7001 Grady Niblo Road, Dallas, | § | |
| Texas | § | |
| | § | |
| Defendants *In Rem.* | § | |

### GOVERNMENT'S RESPONSE TO FAIN'S MOTION FOR LEAVE TO FILE MOTION FOR EXTENSION 1 DAY OUT OF TIME & SECOND MOTION TO EXTEND TIME TO RESPOND TO SPECIAL INTERROGATORIES

Fain has filed two motions related to extending her time to respond to the Government's special interrogatories. One motion has a certificate of conference noting the Government's opposition to it, the other does not. The Government writes to inform the Court that it is opposed to both motions. However, if Price and Fain are struck as litigants in this case, the special interrogatories will no longer be necessary and Fain's motions will be moot. Therefore, the Government respectfully requests that the Court consider holding these motions in abeyance until after the Court rules on the Government's motions to strike and to grant a default judgment.

In the event that the Court wishes to rule immediately on Fain's motions, the Government will briefly describe its position. Fain's request for an extension is subject to the same Federal Rule of Civil Procedure 6(b)(1)(B) as is Price's request. To be consistent, the Government has taken the same position with Fain that it has taken with Price. Specifically, the Government opposes her request for an extension now that she has let her deadlines expire, but Government will not seek to compel her responses to the special interrogatories unless the Court denies the Government's first motions to strike and to grant a default judgment. This addresses Fain's Fifth Amendment concerns while preserving the Government's statutory right to have the special interrogatories answered. The Government recognizes that there is a difference of degree between Fain's two-day late request for an extension and Price's two and a half month delay. The Government will rely on the Court's discretion to determine the degree to which the differences matter. Yet, if Fain wishes to obtain an extension after allowing her deadline to pass, she must also show excusable neglect pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). She has not yet articulated sufficient reasons to make this showing.

The Government has not sought to create this situation. When Fain failed to seek an extension of time to respond to the special interrogatories contemporaneous with her motion to extend her time to file an answer, Government counsel called and reminded her attorney. Fain then sought and obtained her first ninety-day extension on the day that her responses had originally been due. When the Government was drafting its motion to strike, it did offer to discuss an additional extension before Fain's interrogatory answers were due on November 12, 2012. However, Fain's attorney was supposed to have called

the Government back the next week and never did.  The Government attempted to reach Fain's attorney before her deadline, but was unable to do so.  Fain's attorney strongly disputes the level of the Government's efforts, but the Government was under no obligation to remind Fain of her own deadlines.

Fain's proffered reason for her inaction is that the Government, in an email, advised her that it may withdraw the interrogatories.  The Government disputes this and has attached an email chain, including the exchange referenced in Fain's motion, which shows that there was no discussion in the email about the Government's withdrawal of the interrogatories.  *See* Exhibit A.  This series of email exchanges should provide the Court with the full context of the events leading to the present motions and demonstrate the Government's good faith attempt to amicably reach an agreement with Fain concerning her obligations amidst the Government's pending motion to strike and for a default judgment.

        Respectfully submitted,

        SARAH R. SALDAÑA
        UNITED STATES ATTORNEY

        s/ *Walt M. Junker*
        Walt M. Junker
        Assistant United States Attorney
        Texas State Bar Number 24038115
        1100 Commerce Street, Suite 300
        Dallas, Texas 75242
        Telephone:  (214) 659-8600
        Facsimile:   (214) 659-8805

## CERTIFICATE OF CONFERENCE

I certify that, on November 15, 2012, I sent a draft of this response and then conferenced it with Thomas W. Mills, Jr. as Fain's attorney.  Mr. Mills does not oppose having his motions held in abeyance but he is opposed to the remainder of the Government's response.

s/ *Walt M. Junker*
Walt M. Junker
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2012, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case filing system. That system sent a "Notice of Electronic Filing" and copies of the document to the attorneys for the claimants.

s/ *Walt M. Junker*
Walt M. Junker
Assistant United States Attorney