IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>　　　　Plaintiff, | §<br>§<br>§ | |
| 　　　　v. | §<br>§ | |
| $229,590.00 in United States Currency<br>Seized from a Safe in the Home of<br>Dallas County Commissioner<br>John Wiley Price | §<br>§<br>§<br>§<br>§ | 3:12-CV-893-D |
| $230,763.47 from Dallas County<br>Commissioner John Wiley Price's Sale<br>of 7001 Grady Niblo Road, Dallas,<br>Texas | §<br>§<br>§<br>§<br>§ | |
| 　　　　Defendants *In Rem.* | § | |

<u>GOVERNMENT'S REPLY TO PRICE'S RESPONSE TO THE
COMBINED (1) MOTION TO STRIKE PRICE and FAIN AS
LITIGANTS and (2) MOTION TO GRANT A DEFAULT JUDGMENT</u>

　　　　After willfully and intentionally choosing to violate federal civil procedure law, including deciding not to answer the forfeiture complaint within the unambiguous statutory deadline, Price now seeks to wrestle out of a crisis of his own creation. But rather than explain his conduct with legally sufficient justification, he hopes to persuade the Court with sound and fury over the Government's proceeding forward exactly as it advised while he mocks the delay and prejudice that his conduct has created for the Court and the Government. *See* Price Response at 7. Before Price can seek equitable relief, he must show that he has clean hands, which he cannot do, because he knowingly refused

1

his earlier opportunity to defend his claims by flouting the deadline for filing an answer, necessary to establish himself as a proper litigant.[1]  In light of the clear statutory framework for civil forfeiture proceedings, coupled with the Fifth Circuit's insistence upon strict compliance with asset forfeiture deadlines, a default judgment is warranted here.  *United States v. Real Property Located at 14301 Gateway Blvd. West, El Paso County Texas*, 123 F.3d 312, 313 (5th Cir. 1997).  *See also United States v. Three Parcels of Real Property*, 43 F.3d 388, 391 (8th Cir. 1994) (affirming district court's order granting government's motion to strike *pro se* litigants' claims where claimants failed to comply strictly with Rule [G]).

Price intentionally embarked upon this ill-advised course of action with full knowledge of the foreseeable negative consequences.  His conscious choice to avoid filing an answer not only defied clear statutory authority and case law counseling against his actions, but his conduct followed detailed discussions with the Government.  Specifically, the Government provided him with instructions about how to file a valid

---

[1] The facts in this case do not support Price's claims that the Government has engaged in gamesmanship.  As the Government recounted in its response to Price's and Fain's Motion to Stay, Price initially refused to grant the Government a second extension to file the complaint.  *See* Government's Response to Motions to Stay, Dkt. No. 27 at 3.  This occurred after Price sought the return of business and tax records and other property so as to properly document "claims of ownership and proof of custodianship." *Id*.  Significant portions of the criminal investigation were then delayed, and personnel at the FBI and United States Attorney's Office were re-tasked to expedite copying of the seized records that Price's and Fain's attorneys said were necessary for future forfeiture proceedings.  Price's attorney eventually relented and agreed to another extension, but Fain's did not, and the Government was forced to file the present civil action even though additional extensions were possible.  After Price and Fain filed claims, they sought from the Government personal and business banking records referenced in the complaint, to enable both of them to file answers.  After the Government provided the requested documents, both Price and Fain then informed the Government that they would not file any answers and would instead seek a stay.  The Government consented to Fain's request to seek an extension for her answer deadline pending the Court's decision on a stay.  Price rejected the Government's offer for an extension and instead chose only to seek a stay, despite Government counsel's statements advising that it would oppose a stay for lack of standing and also oppose a late-filed answer.  *Id*. at 3-4.  The Government is not the litigant engaging in gamesmanship.

claim and answer. Additionally, Government counsel advised Price's counsel exactly what the perils of his contemplated actions would be when his attorney told the Government that they planned to intentionally ignore the deadline for filing an answer. At the time of these discussions, Price's counsel thanked Government counsel for his candor, without appearing to regard these warnings and instructions to be patronizing or paternalistic as he now characterizes them.[2] The Government relayed these candid exchanges in its motion only because they illustrate that Price chose not to file a timely answer or amend his deficient verified claim with full knowledge of the procedural consequences of his decisions, in advance of executing his plans. As the Fifth Circuit held, "neglect that is willful cannot be excusable." *American Airlines, Inc. v. Reinis*, 21 F.3d 1107, at *2 n.10 (5th Cir. 1994). Price "consciously chose to pursue a different avenue . . . and [his] failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief." *United States v. $88,260.00 in U.S. Currency*, 925 F. Supp. 838, 843 (D.D.C. 1996) (internal quotation marks and citations omitted). Excusable neglect "is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made." *In Re Pettle,* 410 F.3d 189, 192 (5th Cir. 2005).

---

[2] The fact that Price's counsel also claims to have decades of experience in asset forfeiture law further weighs against Price in evaluating the equities of the situation. *See* Price's Motion for Leave to File Answer Out of Time, Dkt. No. 32 at 2; *United States v. $48,000*, 2007 WL 1467158, at *4 (E.D. La. 2007). While Price's attorney claims that the Government's conduct in this case is "aberrant" when compared to other unidentified asset forfeiture cases, in general, and one vaguely referenced case, in particular before the Honorable Royal Furgeson, he does not provide details any of these cases or explain their applicability. Price Response at 7-8. Further, the Government consulted the asset forfeiture attorneys within its office and was unable to locate any forfeiture case pending with Price's counsel before Judge Ferguson.

Moreover, one of the factors courts look to in evaluating whether a litigant has shown excusable neglect is whether the litigant's failure was due to the Government's misleading him on the law.  *See, e.g.*, *United States v. Aero Jet Commander Aircraft*, 2005 WL 2000670 (S.D. Tex. 2005).  Though Price faults the Government for identifying these conversations as "warnings," the fact remains that Government counsel not only clearly and correctly explained the law, he went further than what was required by telling counsel for Price – an adversarial litigant – of the Government's anticipated actions that would follow Price's strategic plans to violate civil forfeiture procedure.

Price is correct that federal procedure generally "favors trials on the merits."  *See* Price Response at 6 (citing *A. F. Dorfmeyer Co., Inc. v. M. J. Sales & Distrib. Co., Inc.*, 461 F.2d 40, 43 (7th Cir. 1972)).  While he cites several cases expressing this general preference, he inexplicably omits, however, the crucial second half of that concept made clear in those opinions, which is that the courts generally favor trials "where the [litigant] acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful."[3]  *A. F. Dorfmeyer Co., Inc.*, 461 F.2d at 43.  Under this analysis, Price's contentions fail because he meets none of these criteria.  His attempt to file an answer is two and a half months past the deadline.  He has not provided even the bare minimum of facts necessary to allege a meritorious defense.  And he willfully made a conscious choice to avoid filing a timely answer in defiance of clear statutory authority and case law.  As one court recently noted, "the equities will rarely if ever favor a party

---

[3] He also fails to mention that these opinions involve non-forfeiture controversies and that the default judgments discussed there concerned actual parties to the lawsuits – unlike Price, who is merely an intervenor seeking to establish standing as a proper litigant.

who fails to follow the clear dictates of a court rule," and "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *United States v. $541,395.06*, 2012 WL 3614294, at *4 (W.D.N.Y. 2012) (granting the Government's motion to strike a claim for lack of standing where putative claimant filed untimely answer without showing excusable neglect) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, et al*, 507 U.S. 380 (1993)).  *See also United States v. $487,825*, 484 F.3d 662, 665 (3rd Cir. 2007) (affirming default judgment where putative claimant failed to comply with the "procedural strictures of Rule [G] and 18 U.S.C. § 983" by filing a late answer and no verified claim, and thus, he lacked standing to intervene in the forfeiture proceedings). Here, the sum total of Price's explanation for his conduct consists of a single sentence in his motion for leave to file a late answer, in which he summarily claims a "reasonable" belief that he could obtain a stay.  Dkt. No. 32 at 4.  Yet to date, Price has not provided a single case or statute that supports that his "belief" was "reasonable" at all.

The additional arguments Price raises in his response are also meritless.  While he continues to fault the Government for pursuing a civil forfeiture action parallel to a pending criminal investigation, his request for a hearing in order to have the Government "explain what it is doing" is baseless. Price Response at 7.  First, he has not yet established standing in these proceedings to seek such a hearing.[4]  His continued

---

[4] It bears repeating that the only parties to an *in rem* civil forfeiture action are the Government (as the Plaintiff) and the seized property (as the Defendant), unless and until a putative claimant meets his burden demonstrating statutory standing under Rule G by timely filing both a verified claim and answer, and establishing Article III standing by showing that he has a colorable interest in the res, such that seizure of

5

assertion that the process violates his rights is not a substitute for meeting the statutory requirement to show standing. *See Baker v. United States*, 722 F.2d 517, 518 (9th Cir. 1983). Second, he cites no authority for such a hearing, and neither Rule G nor 18 U.S.C. § 983 provide for one. Third, his request is premature because it is an issue for any subsequent criminal case and not the present civil case. Price does not claim that the Government's actions have tainted the present civil proceeding. Rather, he claims that the Government is using the present civil process to taint a future criminal proceeding. Therefore, if such a hearing is permissible at all, it should be conducted as part of the criminal process when the facts and issues have fully ripened for review.

     Price also attempts to diminish his failure to demonstrate excusable neglect by characterizing the Government's showing of prejudice as factually unsupported and criticizing the Government for noting how courts view the effect of his calculated violations on judicial economy. The Government, however, merely met its obligation to show prejudice under applicable authority, in which courts have routinely recognized harm (1) to the Government for needless litigation over unsupported claims, and (2) to the courts for delay in promptly resolving these disputes. *See, e.g.*, *$487,825*, 484 F.3d at 665. Because Price refused to timely file an answer while knowing the harsh consequences of such a tactic often highlighted in applicable case law, the Government devoted time litigating his unmeritorious request for a stay, his unsupported motion for leave to file a late answer, his motion for reconsideration of standing that cites no new

---

it causes him injury that is not conjectural, hypothetical, or abstract. *See, e.g.*, *United States v. $38,570*, 950 F.2d 1108, 1112 (5th Cir. 1992).

facts or authority, and its own motion to strike his claim for failure to observe clear procedural rules. Price chose to engage in this avoidable litigation, and in so doing, he has drawn the Government's and the Court's resources away from other matters. While Price asserts that the Government is in no worse position than if he obtained an extension for his answer before seeking a stay, endorsing Price's strategy would encourage future potential claimants to ignore the law and discourage litigants from voluntarily reaching agreements concerning extensions or stays, if every potential claimant knew he could force the Government to file a complaint by refusing to agree to extend the Government's deadline and then freely choose to allow his own time period to pass while arbitrarily selecting whether and when to file an answer.

Price's claim that the "Government has already obtained a blueprint of the Commissioner's defense" in his answer and interrogatory responses is equally baseless. His two-and-one-half month-late answer and interrogatory responses reveal nothing meaningful about his ownership interest or source of the funds.[5] Essentially, the Government knows no more from these pleadings than that Price has claimed a right to the amount of $115,000, which appears arbitrary given the groupings of money found in the safe. Similarly, he is virtually silent about his possession of the remaining $114,590.

---

[5] Contrary to Price's claims, the Government does not concede that Price has filed a valid answer or responses to the Government's special interrogatories. Rather, the Government opposes Price's efforts to file a late answer, and it reserves the right to file a motion to compel Price to provide more definite answers to the special interrogatories in the event that the Government's motions to strike and grant a default judgment are not granted.

Additionally, Price's recent response only serves to further confirm that he is seeking essentially a money judgment and not the return of the specific dollars from the safe:

> Because currency is fungible, and due to the passage of time, it would be virtually impossible for Claimant [Price] to say exactly which pieces of currency are Claimant [Price]'s. Claimant [Price] can only inform the Government of the amount that is/was Claimant's. Claimant [Price] does not recall, at this time, any special markings or notations which would help in identifying exactly which pieces of currency were his as opposed to Ms. Fain's.

Claimant's Responses to the Plaintiff's Special Interrogatory No. 8, Dkt. No. 42-10 at 8; *see also* Claimant Price's Response to Government's Motion to Strike and for Default Judgment, Dkt. No. 46 at 3. This is an additional, separate, and independent violation of Rule G(5)(a)(i)(A) and the *in rem* nature of civil forfeiture proceedings which require Price to specify the exact bills among the money that he is seeking, in order to establish his statutory standing. *See* Government's Response to Price's and Fain's Motions to Stay, Dkt. No. 27 at 10-12. When combined with his violation of the answer deadline and his failure to timely respond to the Government's special interrogatories, pursuant to Rule G(6)(b), Price's claim should be stricken pursuant to Rule G(8)(c)(i)(A) and (B), for violating Rule G(5) and G(6) and for his failure to establish standing.

Congress and the courts developed a civil asset forfeiture system that balances the interests of the Government and potential claimants. *See* Dkt. No. 27 at 8-9. However, that is not what Price seeks. He urges an unbalanced system where potential claimants are free to knowingly and intentionally avoid following procedural rules. He appears to have submitted an eleventh-hour answer, not to meritoriously challenge the forfeiture, but

8

merely to argue that he had an "answer" "on file" before this Court considers the merits of the Government's motion to strike and for a default judgment. Because Price has not shown the proper justification for this conduct, the Government requests that the Court grant its motion to strike Price's claim and grant a default judgment.

        Respectfully submitted,

        SARAH R. SALDAÑA
        UNITED STATES ATTORNEY

s/ *Walt M. Junker*  
Walt M. Junker  
Assistant United States Attorney  
Texas State Bar Number 24038115  
1100 Commerce Street, Suite 300  
Dallas, Texas 75242  
Telephone:   (214) 659-8600  
Facsimile:   (214) 659-8805  

s/ *Katherine Miller*  
Katherine Miller  
Assistant United States Attorney  
Texas State Bar Number 00789107  
1100 Commerce Street, Suite 300  
Dallas, Texas 75242  
Telephone:   (214) 659-8600  
Facsimile:   (214) 659-8805  

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 27, 2012, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case filing system. That system sent a "Notice of Electronic Filing" and copies of this document to the attorneys for the claimants.

        s/ *Katherine Miller*  
        Katherine Miller  
        Assistant United States Attorney